UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GANIYU A. JAIYEOLA,

                Plaintiff,

   -against-                             5:00-CV-1578
                                         (LEK/GJD)

CARRIER CORPORATION,

                Defendant.

---

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

This action was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq, as amended.  Plaintiff Ganiyu Jaiyeola ("Jaiyeola") alleges that he received negative performance evaluations and was terminated from employment with Defendant Carrier Corporation ("Carrier") based on his race, color, and national origin.

On July 22, 2002, on Defendant's Motion, the Honorable Howard G. Munson, Senior District Court Judge for the Northern District of New York, dismissed Plaintiff's case pursuant to Rules 12(b)(5) of the *Federal Rules of Civil Procedure* for insufficient service of process.  Order (Dkt. No. 37).   Judge Munson found that Plaintiff did not do everything in his power to timely effect service of process and, accordingly, could not show good cause for his failure to properly serve Defendant.  Id.  The Court of Appeals for the Second Circuit vacated and remanded that decision, questioning the District Court's application of Romandette v. Wheetabix Co., 807 F.2d 309, 311 (2d. Cir. 1986); Mandate (Dkt. No. 43).  In Romandette, an inmate who relied on the U.S.

---

[1] For printed publication by the Federal Reporters.

Marshals ("Marshals") to effect service on a defendant was found to have shown sufficient good

cause to excuse the untimely service.  The Second Circuit noted that the plaintiff in Romandette was

excused, not because he "had done everything in his power to effect service," but because "Rule 4

of the Federal Rules is to be construed liberally to further the purpose of finding personal

jurisdiction in cases in which the party has received actual notice."  Romandette, 807 F.2d at 311

(internal citations omitted) (quoted in Jaiyeola v. Carrier Corp., 73 F. App'x. 492, 494 (2d Cir.

2003) (unpublished).  The Court was mandated to reexamine whether dismissal was warranted, in

light of the Court of Appeals' analysis.


## II. Facts

Plaintiff filed his Complaint *pro se* on October 16, 2000, followed by amended complaints

on November 11, 2000 and December 21, 2000.  Deft's Mem. of Law in Support of Motion to

Dismiss (Dkt. No. 24 ) at 1.  Plaintiff, who had been granted *in forma pauperis* status, employed the

U.S. Marshals Service to serve Defendants.  Deft's Reply Mem. of Law (Dkt. No. 30) at 2.  The

service deadline for the Second Amended Complaint was February 19, 2001.  Amended Complaint

(Dkt. No. 12).  On February 8, 2001, the Marshals attempted service on Defendant by regular mail,

and sent the Complaint and summons to "Personnel Director of Carrier Corporation, Carrier

Parkway, Syracuse, NY 13221," the address provided by Plaintiff.  Plntf's Mem. of Law in Opp.

(Dkt. No. 52) at 4.  Plaintiff was notified on May 10, 2001 that no acknowledgment of receipt of

service had been received.  Id.  Allegedly unaware that the deadline for service had expired, Plaintiff

directed the Marshals to serve Defendant at a different address, which Plaintiff had found on the

internet.  Id.  Service was unsuccessful on that address as well, as no individual was specified and

the Marshals cannot effect service on an entity.  Plaintiff was notified of the failure of the second

attempt at effecting service on June 7, 2001.   Notice of Failure to Serve Process (Dkt. No. 52,

Attach. 7).  A third attempt to serve Defendant was finally successful on October 2, 2001.[2]  Deft's

Mem. of Law (Dkt. No. 25) at 1.


### III.  Discussion

The issue in this case is whether Plaintiff's failure to effect service in a timely manner was

excused by good cause and, if not, if the case should be dismissed.  As is discussed below, the Court

finds that there was good cause for Plaintiff's failure to effect service in a timely manner.

Additionally, as the Second Circuit indicated, even without a finding of good cause, dismissal is not

required, but lies within the discretion of the Court.  Jaiyeola, 73 F. App'x. at 494; See also

Romandette, 807 F.2d at 312 ("dismissal is a harsh remedy to be utilized only in extreme

situations").

Plaintiff in this case, acting *pro se* with *in forma pauperis* status, employed the services of

the Marshals to effect service on Defendant.  In Romandette and subsequent cases, the Second

Circuit has noted that a plaintiff's *in forma pauperis* status "shift[s] responsibility for serving the

complaint from [the plaintiff] to the Court."  Wright v. Lewis et al., 76 F. 3d 57, 59 (2d Cir. 1996).

See also Ruddock v. Reno, 104 F. App'x. 204, 206-7 (2d Cir. 2004) (unpublished) ("[s]o long as

such a prisoner provides the information necessary to identify the defendant, courts have uniformly

---

[2]Plaintiff originally named two additional defendants, Carrier employees Sandra J. Downey, M.D. and Mark B. Hoekstra.  Service was effectuated as to Defendant Hoekstra on June 29, 2001 and as to Defendant Downey, through personal service, on August 29, 2001. However, Plaintiff later voluntarily dismissed his claims against both Defendant Hoekstra and Defendant Downey.

held that the Marshals' failure to effect service automatically constitutes good cause within the

meaning of Rule 4(m)") (internal citations omitted); Romandette, 807 F.2d at 311 ("as an

incarcerated *pro se* litigant proceeding *in forma pauperis*, he was entitled to rely on service by the

U.S. Marshals").  The Second Circuit has made clear that it is not the plaintiffs' prisoner status that

allows for reliance on the U.S. Marshals.  Jaiyeola, 73 F. App'x. at 494.  Accordingly, the fact that

Plaintiff in this case was not incarcerated does not make his reliance on the Marshals unreasonable.

Defendant argues that Plaintiff did not show good cause for his failure to effect service in a

timely manner because he twice provided the Marshals with incorrect contact information.

However, there is no indication that this mistake was intentional or unreasonably careless.  Plaintiff

addressed service to the same name and address for Defendant as was used, properly, in Plaintiff's

Equal Employment Opportunity Commission claim.  Plntf's Mem. of Law (Dkt. No. 52) at 3.

When this address failed, Plaintiff addressed service to the corporate address he found on

Defendant's website.  Id. at 4.  This address was also incorrect.  Deft's Mem. of Law (Dkt. No. 50)

at 5.  These efforts are neither so unreasonable nor so careless as to defeat good cause.  Nat'l Union

Fire Ins. Co. v. Barney Assoc., 130 F.R.D. 291, 293 (S.D.N.Y. 1990) (noting that a finding of good

cause rests, in part, on a plaintiff's reasonable efforts to effect service).  As the Second Circuit

clearly noted, a plaintiff is not required to have "done everything in his power to effect personal

service" to excuse his failure to meet service deadlines.  Jaiyeola, 73 F. App'x. at 494 (citing

Romandette, 807 F.2d at 311).

Another factor in the determination of whether good cause exists is the potential prejudice to

the defendant.  Nat'l Union, 130 F.R.D. at 293; Snall v. City of New York, 97-CV-5204(ILG), 1999

U.S. Dist. LEXIS 18557 (E.D.N.Y. Oct. 19, 1999).  Defendant argues that it would be prejudiced

4

were the action allowed to proceed, in that seven years has passed since Plaintiff's employment with

Defendant ended.  However, this delay cannot be attributed to the Plaintiff.  Additionally, Defendant

has had knowledge of this action for over five (5) years and was thus able to take steps to preserve

information relevant to Plaintiff's claims.  For the foregoing reasons, Plaintiff has shown good cause

for his failure to effect service within the proper time period.


### IV.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Renewed Motion to dismiss (Dkt. No. 50) is **DENIED**; and it

is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.


DATED:      April 25, 2007
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge